AO 245B   (Rev. 3/01) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

| WESTERN | District of | PENNSYLVANIA |

UNITED STATES OF AMERICA
V.

**JUDGMENT IN A CRIMINAL CASE**

**BRANDON J. BROTHERS**

Case Number: CR No. 11-30J

Gary E. Gerson, Esquire
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to Count   One of the Indictment

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(4)(B) | Possession of Material Depicting the Sexual Exploitation of a Minor | 10/6/2010 | I |

The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.

☐ The mandatory special assessment is included in the portion of this Judgment that imposes a fine.

☒ It is Ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due immediately.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

33226-068
Defendant's USM No.

June 7, 2012
Date of Imposition of Judgment

*signature*
Signature of Judicial Officer

KIM R. GIBSON, UNITED STATES DISTRICT JUDGE
Name and Title of Judicial Officer

June 13, 2012
Date

AO 245B   (Rev. 3/01) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT: BRANDON J. BROTHERS | Judgment — Page 2 of 6 |
| CASE NUMBER: CR No. 11-30J | |

## IMPRISONMENT

[X]  The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

**6 months**

[X]  The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends that in designating the Defendant that he remain at the Cambria County Prison to serve out the rest of his term, which is by the Court's computation, approximately 2 months.**

[X]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district:

    [ ]  at _____  [ ] a.m.  [ ] p.m.  on _____ .

    [ ]  as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [ ]  before 2 p.m. on _____ .

    [ ]  as notified by the United States Marshal.

    [ ]  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 3/01) Judgment in a Criminal Case

| | | Judgment — Page 3 of 6 |
|---|---|---|
| DEFENDANT: | BRANDON J. BROTHERS | |
| CASE NUMBER: | CR No. 11-30J | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

**15 years**

While on supervised release, the defendant shall not commit another Federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by the court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

- [X] The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
- [ ] The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.
- [X] The defendant shall not possess a firearm or destructive device, or any other dangerous weapon.
- [X] The defendant shall cooperate in the collection of DNA as directed by the probation officer.
- [X] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is directed by the probation officer.
- [ ] The defendant shall participate in an approved program for domestic violence.
- [X] Additional conditions (See below)

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

- [X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

Additional Conditions:

The Defendant is permitted to possess and/or use a computer and is allowed access to the Internet. However, the Defendant is not permitted to use a computer, or other electronic communication or data storage devices, including a cell phone, to access child pornography or to communicate with any individual or group for the purpose of promoting sexual relations with children. The Defendant shall consent to the installation of any hardware or software to monitor any computer, or other electronic communication or data storage devices used by the Defendant to confirm the Defendant's compliance with this condition. The Defendant shall pay the monitoring costs as directed by the probation/pretrial services officer. Furthermore, the Defendant shall consent to periodic unannounced examinations by the probation or pretrial services officer of any computers, cell phones, or other electronic communication or data storage devices that the Defendant has access to, to confirm the Defendant's compliance with this condition. Additionally, the Defendant shall consent to the seizure and removal of hardware and data storage media for further analysis by the probation or pretrial services officer, based upon reasonable suspicion of a violation of the condition imposed in this case, or based upon reasonable suspicion of unlawful conduct by the Defendant. The Defendant's failure to submit to the monitoring and/or search of computers and other electronic communication or data storage devices used by the Defendant may be grounds for revocation.

If the Defendant's employment requires the use of a computer, the Defendant may use a computer in connection with that employment approved by the probation or pretrial services officer, provided the Defendant notifies his employer of the nature of his conviction. The probation/pretrial services officer shall confirm the Defendant's compliance with this notification requirement.

The Defendant shall provide the United States Probation Office with accurate information about his entire computer system both hardware and software and other electronic communication or data storage devices or media, to include all passwords used and the name of the Internet Service Provider. The Defendant also shall abide by the provisions of the Computer Restriction and Monitoring Program approved by the Court.

Continued on Page 4

AO 245B    (Rev. 3/01) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | BRANDON J. BROTHERS | Judgment--- Page 4 of 6 |
| CASE NUMBER: | CR NO. 11-30J | |

## ADDITIONAL CONDITIONS ON SUPERVISED RELEASE

The Defendant shall submit his person, property, house, residence, vehicle, papers, business or place of employment, to a search, conducted by a United States probation or pretrial services officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The Defendant shall inform any other residents that the premises may be subject to searches pursuant to this condition.

The Defendant shall not possess or access with intent to view any materials, including pictures, photographs, books, writings, drawings, videos, or video games depicting and/or describing child pornography as defined in 18 U.S.C. § 2256(8), or obscene visual representations of the sexual abuse of children as defined by 18 U.S.C. § 1466A.

As required by 18 U.S.C. §§ 3563(a)(8) and 3583(D), and the Sex Offender Registration and Notification Act, otherwise known as SORNA, 42 U.S.C. § 16901, et seq., the Defendant shall report the address where he will reside and any subsequent change of residence to the probation officer responsible for the Defendant's supervision, and further shall register as a convicted sex offender in any state where he resides, is employed, carries on a vocation, or is a student.

The Defendant shall participate in a mental health and/or sex offender treatment program, approved by the probation officer, until such time as the Defendant is released from the program by the Court. The Defendant shall abide by all program rules, requirements, and conditions of the sex offender treatment program, including submission to polygraph testing, to determine if he is in compliance with the conditions of release. The Probation Office is authorized to release the Defendant's presentence report to the treatment provider if so required.

With the exception of brief, unanticipated, and incidental contacts, the Defendant shall not associate with children under the age of 18, except for family members or children in the presence of an adult who has been approved by the probation officer.

The Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

The Defendant shall provide the probation officer with access to any requested financial information.

The Defendant shall pay any financial penalty imposed by this Judgment and that remains unpaid at the commencement of the term of supervised release. Any such balance shall be paid by means of monthly installments of not less than 10% of the Defendant's gross monthly income but not less than $100 per month.

The Defendant shall report any change of address within 30 days to the United States Attorney's Office while any portion of the monetary obligations remain outstanding.

The Defendant shall forfeit to the United States all properties outlined in the forfeiture allegations in this case. The Court incorporates the March 1, 2012 forfeiture order docketed at Document No. 28 at Criminal No. 2011-30.

It is further Ordered that the Defendant shall pay to the United States a mandatory Special Assessment of $100, which shall be paid to the United States District Court Clerk forthwith.

The Court finds that the Defendant does not have the ability to pay a fine and the fine is waived in this case.

The periodic drug testing mandated by the Violent Crime Control and Law Enforcement Act of 1994 is hereby suspended. The Court finds that this offense is not drug related, and this Defendant has no current or past history of substance abuse.

No restitution was ordered in this case because no victims were identified by the Government or by any of the documents or materials that are in this case.

AO 245B (Rev. 3/01) Judgment in a Criminal Case

| | | Judgment — Page 5 of 6 |
|---|---|---|
| DEFENDANT: | BRANDON J. BROTHERS | |
| CASE NUMBER: | CR No. 11-30J | |

## STANDARD CONDITIONS OF SUPERVISION

**While the defendant is on probation or supervised release pursuant to this Judgment:**

1) the defendant shall not commit another Federal, state or local crime;

2) the defendant shall not leave the judicial district without the permission of the court or probation officer;

3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5) the defendant shall support his or her dependents and meet other family responsibilities;

6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9) the defendant shall not frequent places where controlled substances are illegally sold used, distributed, or administered;

10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history of characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**These conditions are in addition to any other conditions imposed by this Judgment.**

Upon finding of a violation of probation or supervised release I understand that the Court may (1) revoke supervision (2) extend the term of supervision and/or (3) modify the conditions of supervision.

All of the conditions listed in this order have been read to me. I fully understand the conditions and have been provided a copy of them.

_____    _____
(Signature)                        (Date)


_____    _____
U.S. Probation Officer/Designated Witness    (Date)

AO 245B    (Rev. 3/01) Judgment in a Criminal Case

Judgment — Page 6 of 6

DEFENDANT: BRANDON J. BROTHERS
CASE NUMBER: CR No. 11-30J

## RESTITUTION, FORFEITURE, OR OTHER PROVISIONS OF THE JUDGMENT

☐ The defendant shall make restitution to the following persons in the following amounts:

| NAME OF PAYEE | AMOUNT OF RESTITUTION |
|---|---|
| | |

Payments of restitution are to be made to:

☐ the United States Attorney for transfer to the payee(s).
☐ Clerk, U. S. District Court, for transfer to the payee.

Restitution shall be paid:

☐ in full immediately.
☐ in full no later than
☐ in equal monthly installments over a period of _____ months. The first payment is due on the date of this judgment. Subsequent payments are due monthly thereafter.
☐ in installments according to the following schedule of payments:

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f) and may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐ The Court has determined that the defendant does not have the ability to pay interest. It is Ordered that:

☐ the interest is waived.
☐ the interest requirement is modified as follows:

Any payment shall be divided among the payees named unless otherwise specified here.

## FORFEITURE

☒ The defendant is ordered to forfeit the following property to the United States:

The Defendant shall forfeit to the United States all properties outlined in the forfeiture allegation. The Court incorporates the March 1, 2012 forfeiture order docketed as Document No. 28 at Criminal No. 2011-30.