IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Docket No. 3:11-cr-30 |
| v. ) | |
| ) | Before Hon. Kim R. Gibson |
| BRANDON J. BROTHERS, ) | |
| ) | ELECTRONICALLY FILED |
| Defendant ) | |
| ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (Doc. 59)**

AND NOW, comes the United States of America, by and through its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Arnold P. Bernard, Jr., Assistant United States Attorney for said District and respectfully submits the following United States' Response to Defendant's Motion for Early Termination of Supervised Release (Doc. 59), and, in support thereof, avers the following:

### I. Introduction

On February 8, 2012, Mr. Brothers pleaded guilty to one count of possessing material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B), a charge relating to the discovery of over 1,500 images of child pornography on his computers. Some images depicted children as young as 3 or 4 years old and some portrayed children engaged in sadistic or masochistic conduct, including images of nude children who were "hogtied" and bound and gagged, in addition to being engaged in sexually explicit conduct. During an interview, Mr. Brothers confessed to offering such images for download by other users over peer-to-peer networks, claiming that he did so in order to access a specific type of lurid material he found sexually gratifying. From inside Mr. Brothers's residence, investigators recovered sex toys, clips and string, tubes with hose attached to them, and pictures of clothed children.

1

Following his guilty plea, for his violation of § 2252(a)(4)(B), this Court sentenced Mr. Brothers to undergo imprisonment for a period of six months, to be followed by 15 years of supervised release. Mr. Brothers completed his prison term and has served approximately 96 of his 180-month term of supervised release. He now asks that this Court terminate his supervised release early because he has complied with the terms of his supervised release and because those terms of supervised release would prevent him from taking advantage of an employment opportunity.

Because the specified 18 U.S.C. § 3553(a) factors the Court is required to consider pursuant to 18 U.S.C. § 3583(e)(1) fail to demonstrate that the Defendant's early termination of supervised release would be "in the interests of justice," his Motion should be DENIED.

## II.     Procedural History

1. On November 15, 2011, a federal grand jury sitting in the Western District of Pennsylvania returned a one-count indictment charging Brandon J. Brothers with Possession of Material Depicting the Sexual Exploitation of a Minor, on or about October 6, 2010, in violation of 18 U.S.C. § 2252(a)(4)(B). Doc. 1.

2. On November 21, 2011, Mr. Brothers appeared before United States Magistrate Judge Keith Pesto for formal arraignment and entered a plea of not guilty. Doc. 14.

3. On February 8, 2012, the Defendant appeared before this Honorable Court and changed his plea from not guilty to guilty as to Count One, pursuant to a plea agreement. Doc. 25.

4. Following his guilty plea, the Court ordered Mr. Brothers's detention and remanded him to prison.

5. The Court set a sentencing hearing date and directed the U.S. Probation Office to prepare a Presentence Investigation Report ("PSIR"). Doc. 26.

6. On June 13, 2012, Mr. Brothers's was brought before the Court for sentencing.

7. This Honorable Court sentenced the Defendant to serve six months' imprisonment to be followed by a 15-year term of supervised release. Doc. 46.

8. In addition to the standard conditions of supervision, the Court imposed, among other additional conditions, the following condition:

> The Defendant is permitted to possess and/or use a computer and is allowed access to the Internet. However, the Defendant is not permitted to use a computer, or other electronic communication or data storage devices, including a cell phone, to access child pornography or to communicate with any individual or group for the purpose of promoting sexual relations with children. The Defendant shall consent to the installation of any hardware or software to monitor any computer, or other electronic communication or data storage devices used by the Defendant to confirm the Defendant's compliance with this condition. The Defendant shall pay the monitoring costs as directed by the probation/pretrial services officer. Furthermore, the Defendant shall consent to periodic unannounced examinations by the probation or pretrial services officer of any computers, cell phones, or other electronic communication or data storage devices that the Defendant has access to, to confirm the Defendant's compliance with this condition. Additionally, the Defendant shall consent to the seizure and removal of hardware and data storage media for further analysis by the probation or pretrial services officers, based upon reasonable suspicion of a violation of the condition imposed in this case, or based upon reasonable suspicion of unlawful conduct by the Defendant. The Defendant's failure to submit to the monitoring and/or search of computers and other electronic communication or data storage devices used by the Defendant may be grounds for revocation.
>
> If the Defendant's employment requires the use of a computer, the Defendant may use a computer in connection with that employment approved by the probation or pretrial services officer, provided the Defendant notifies his employer of the nature of his conviction. The probation/pretrial services officer shall confirm the Defendant's compliance with this notification requirement.

Doc. 46.

9. In 2015, the Defendant sought clarification as to whether participation in polygraph examinations was a condition of his supervised release (Doc. 50), and by Order of Court entered on March 4, 2015, this Court clarified that it was. Doc. 56.

10. On August 18, 2020, Mr. Brothers filed the instant *pro se* Motion for Early Termination of Supervised Release. Doc. 59.

11. This Response follows.

### III.   Offense Conduct

In April 2010, a detective with the Toronto (Canada) Police Service ("TPS"), who had assumed an undercover online account, identified a user with the username "stewiereturns" who was offering apparent images of child pornography for download via the Giga Tribe peer-to-peer network. Stewiereturns offered a number of folders for download by other users. Above the downloadable folders, stewiereturns posted the following message on his profile, "THANK YOU!!!! I couldn't be here without you!! I share all that I have. Please do the same. Leeher and other people who do not share properly will get reduced or no access!" The TPS detective determined the IP address of the stewiereturns profile was registered to Verizon Internet Services out of the Altoona, Pennsylvania area. The TPS detective captured over 8,000 thumbnail images, many of which depicted child pornography. He then commenced downloading images from stewiereturns and successfully downloaded 52 images, of which 42 depicted child pornography involving children as young as five years old.[1] The TPS detective referred the matter to the Immigration and Customs Enforcement (ICE) Attaché which referred it to ICE in the Western District of Pennsylvania. Agents discovered that the IP address from which

---

1   The Presentence Investigation Report prepared in this case describes several of these images, some of which depict sadistic or masochist behavior, in lurid detail. Due to their graphic nature, detailed description of these images has been omitted from this Response.

stewiereturns had offered the child pornography for download resolved to Brandon J. Brothers at an address in Houtzdale, Pennsylvania.

On October 6, 2010, law enforcement officers executed a federal search warrant at the identified residence. Pursuant to the warrant, they seized four desktop computers, one laptop, one external hard drive, three internal hard drives, one zip disk reader, one video camera and other digital storage media. They also conducted an interview with Mr. Brothers, during which Mr. Brothers admitted to offering child pornography for download over peer-to-peer networks to gain access to a specific type of media he found sexually gratifying ("shotacon").

During the search, investigators also recovered sex toys, clips and string, tubes with hose attached to them and photos depicting clothed children, along with a video camera in a basement closet.

During a forensic examination of the electronic/media storage devices seized from Mr. Brothers's residence, investigators located thousands of images of child pornography. Again, please see the Presentence Investigation Report for a detailed discussion of the contents of these disturbing images.

## IV.   Argument

This Court "has wide discretion in determining whether to terminate an individual's term of supervised release." United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). But § 3583(e)(1) permits a district court to terminate supervised release early if, and only if, after considering specified factors under 18 U.S.C. § 3553(a), the court "is satisfied that such action is warranted by" both "the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The specified § 3553(a) factors are "3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." Id. "As the applicable § 3553(a) factors indicate, a decision

under § 3583(e) generally is more directly influenced by the particular defendant and underlying conduct that formed the basis for the term of supervised release." Burkey v. Marberry, 556 F.3d 142, 149 (3d Cir. 2009).  Meanwhile, "[t]he phrase 'the interest of justice'" gives "the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999); see United States v. Parker, 439 F.3d 81, 99 (2d Cir. 2006) ("in weighing the 'interests of justice' district courts may wish to consider a variety of factors").  And it is the defendant's burden, "as the party receiving the benefit of early termination, to demonstrate that such a course of action is justified."  United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

Here, the Defendant has argued that his compliance with the terms of his supervised release and an employment opportunity warrant early termination of his term of supervised release.  He suggests that the Court should find that, as a result of these factors, early termination is "in the interest of justice."  The Government submits that the specified § 3553(a) factors weigh against early termination of Mr. Brothers's supervised release.

**A. § 3553(a)(1) – The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

The crime perpetrated by Mr. Brothers was serious and heinous.  It involved the possession of thousands of images of children being sexually exploited, which likely indirectly led to the exploitation of countless more.  In a recent opinion vacating a 12-month home confinement sentence imposed for possession of child pornography, the Sixth Circuit in United States v. Schrank, ___ F.3d ___, 2020 WL 5511980 *2 (6th Cir. 2020) wrote, "Child pornography is an abhorrent offense that scars the children affected forever.  And it doesn't take an economist to know that demand drives supply.  By repeatedly downloading images of young

6

children being raped, [the defendant] contributed to their past victimization. And by fueling demand for child pornography, his conduct likely also contributed to the future harm done to children in the name of profit" (internal citations omitted).

Moreover, regarding the nature of the offense, its degree of technological sophistication and the Defendant's promotion of reciprocal sharing of images further demonstrates its seriousness and the manner in which he contributed to the further propagation of child pornography. These factors justify the additional condition of computer monitoring and warrant that condition's continued application.

In terms of the history and characteristics of the defendant, the Defendant's own admissions regarding his unique sexual proclivities detailed in the Presentence Report indicate his need for continued sex offender therapy and treatment. And, while the Defendant has complied with this conditions during his period of supervised release, "mere compliance with the terms of supervised release, while commendable, is not sufficiently extraordinary to justify early termination." United States v. Abdelhady, No. CRIM. 06-63 ERIE, 2013 WL 1703775, at *2 (W.D. Pa. Apr. 19, 2013). See, e.g., United States v. Laine, 404 Fed. Appx. 571, 574 (3d Cir. 2010) (denying early termination of supervised release and noting that "[s]imple compliance with the conditions of supervised release are expected and not exceptional"); United States v. Dudash, 2012 WL 874878 at *3 ("Defendant's full compliance with all of the conditions of supervised release does not warrant early termination."); United States v. Antico, 2008 WL 2973033, *2 (E.D.Pa.2008) ("Mere compliance with the conditions of supervision is insufficient to warrant early termination of supervision."). See also, United States v. Banks, No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) ("In other words, the § 3553(a) factors and the

interest of justice do not support early termination unless there is a reason other than compliance with the conditions of supervision").

The Defendant's potential employment opportunity does little to change this analysis.

**B. § 3553(a)(2)(B), (C), and (D) – The Need to Afford Adequate Deterrence to Criminal Conduct, Protect the Public from Further Crimes of the Defendant, and Provide Him with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

Mr. Brothers's ongoing supervision clearly satisfies the second 3553(a) factor the Court is required to consider. His compliance with the conditions of supervised release have adequately deterred criminal conduct as he has not incurred any violations or new charges while under supervision. In this way, it has also served to protect the public from further crimes by him. Similarly, Mr. Brothers's required continued participation in sex offender therapy/treatment is the most effective manner for imposing corrective treatment. Again, his mere compliance is not a compelling reason for early termination, rather it is a compelling reason for continued supervision, that is, to ensure that Mr. Brothers continues to obtain necessary treatment and remain crime-free.

**C. § 3553(a)(4) – The Kinds of Sentence and Sentencing Range Established for the Defendant's Crimes**

According to the Presentence Report, the applicable advisory guideline range recommended that Mr. Brothers be imprisoned for between 135 to 168 months. However, because the statutory maximum sentence for Mr. Brothers's offense was 120 months, his advisory guideline range was lowered to 120 months' imprisonment. This calculation is, of course, based on Mr. Brothers's offense conduct and his criminal history. Regarding his criminal history, while Mr. Brothers had, as he puts it, at the time of sentencing, a "no prior criminal history" (Doc. 59 at 3), that characterization misrepresents his actual conduct. While

Mr. Brothers was a "first-time" offender, he was one only in the sense that he had never been previously caught and convicted. His accumulation of thousands of images of child pornography proves that Mr. Brothers's possession of child pornography was not a one-off offense, but rather the culmination of an extended period of collection and dissemination.

Regarding, supervised release, according to the Presentence Report, the guidelines called for a period of supervised release of not less than five years to not more than life.

Ultimately, Mr. Brothers was granted a downward variance from the advisory guideline range of 120 months' imprisonment to six months' imprisonment followed by 15 years of supervised release. The length of supervised release imposed on Mr. Brothers was consistent with periods of supervised released imposed by this Court on other defendants convicted of the same offense. As this Court found at the time of sentencing, this sentence was sufficient, but not greater than necessary, to achieve the purposes of 18 U.S.C. § 3553(a). This remains the case, even now, giving due consideration to Mr. Brothers's compliance.

### D.  § 3553(a)(5) – Any Pertinent Policy Statements

There are no applicable policy statements to consider.

### E.  § 3553(a)(6) – The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct

As stated previously, as this Court is undoubtedly aware, the length of the term of supervised release imposed in this case is consistent with terms of supervised release in similar cases.

### F.  § 3553(a)(7) – The Need to Provide Restitution

Restitution is not an issue in this case.

9

## V. Conclusion

Thus, while "the conduct of the defendant released," that is his compliance, lawfulness, and apparent successful reintegration into society may weigh in favor of terminating supervised released, "the interest of justice," viewed in light of the specified § 3553(a) factors does not.

WHEREFORE, the United States respectfully submits that the Defendant's Motion for Early Termination of Supervised Release should be DENIED.

Respectfully submitted,<br>
SCOTT W. BRADY<br>
United States Attorney

Date filed: 10/16/2020

s/ Arnold P. Bernard, Jr.
ARNOLD P. BERNARD, JR.
Assistant U.S. Attorney
PA I.D. No. 313734

200 Penn Traffic Building
319 Washington Street
Johnstown, PA 15901
Phone: (814) 533-4547
Fax: (814) 533-4545
Email: arnold.bernard@usdoj.gov