IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | Case No. 3:11-cr-30 |
|---|---|---|
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| BRANDON J. BROTHERS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Defendant Brandon J. Brothers's "Motion for Early Termination of Supervised Release." (ECF No. 59). The Motion is fully briefed (ECF Nos. 59, 61, 64) and ripe for disposition. For the following reasons, the Court **DENIES** the Motion.

On June 7, 2012, the Court sentenced Brothers to a term of imprisonment of six months, to be followed by a term of fifteen years of supervised release. (ECF No. 46 at 2–3).

Title 18 U.S.C. § 3583(e) provides, in relevant part:

> The court may, after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).[1] "After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of

---

[1] Title 18 U.S.C. § 3583(e)(1) requires a court entertaining a motion for early termination of supervised release to consider the following § 3553(a) sentencing factors: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4)

justice." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). The Court is "not required to make specific findings of fact with respect to each of these factors; rather, a statement that [the district court] has considered the statutory factors is sufficient." *Id.* at 52–53.

After consideration of the § 3553(a) factors, Brothers's conduct, and the interest of justice, as well as Brothers's motion and the record in this matter, the Court finds that early termination of supervised release is not warranted at this time.

**AND NOW**, this 16th day of December, 2020, upon consideration of Defendant Brandon J. Brothers's "Motion for Early Termination of Supervised Release," it is **HEREBY ORDERED** that the Motion is **DENIED**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

---

pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).